Filed 10/26/23  P. v. Welters CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER AARON WELTERS,<br><br>    Defendant and Appellant. | D081917<br><br><br>(Super. Ct. No. CR131419) |

APPEAL from an order of the Superior Court of San Diego County, Herbert J. Exarhos, Judge.  Affirmed.

Christopher Aaron Welters, in pro. per.; and Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Christopher Aaron Welters of two counts of first degree murder (Pen. Code,[1] § 187, subd. (a)).  The jury found Welters personally used a firearm (§ 12022.5, subd. (a)) and found true the special circumstance that the murder was committed during a robbery (§ 190.2,

---

1    All further statutory references are to the Penal Code.

subd. (a)(17)).  The jury also found true the multiple murder special circumstance (§ 190.2, subd. (a)(3)).  The jury also convicted Welters of first degree robbery with the personal use of a firearm (§§ 211, 212.5, subd. (a) and 12022.5, subd. (a)).

Welters was sentenced to two consecutive terms of life in prison without possibility of parole.

Welters appealed his convictions, and this court affirmed the judgment in an unpublished opinion.  (*People v. Welters* (Apr. 13, 1994, D018152).)

In 2022, Welters filed a petition for resentencing under section 1170.95 (now renumbered section 1172.6)  The court appointed counsel, received briefing and held a hearing.  After reviewing the material, the court concluded Welters was the actual killer of both victims and that he was the sole perpetrator of the murders.  Accordingly, the court found Welters was not eligible for resentencing under section 1172.6 and denied the petition without issuing an order to show cause or conducting an evidentiary hearing.

Welters filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal.  Counsel asks the court to exercise its discretion to independently review the record consistent with the procedure outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We notified Welters of his right to file his own brief on appeal.  Welters has responded with a supplemental brief.  We will discuss that submission below.

STATEMENT OF FACTS

The facts of the offenses were fully discussed in our original opinion. We will not repeat the factual summary here.

## DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to the procedure stated in *Delgadillo*. Counsel asks the court to exercise our discretion and independently review the record for error. We will exercise that discretion in this appeal. Counsel has not attempted to comply with *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and has not identified any of the possible issues that were considered in evaluating the potential merits of this appeal. However, the record demonstrates conclusively that Welters is the actual killer and the sole perpetrator of these murders. Welters does not deny he is the actual killer. On his original appeal, he sought reversal for the court's failure to instruct on imperfect self-defense. That issue was resolved by final judgment in 1994.

Welters also observes he was only 18 years old at the time of the killings and should get some relief due to his youth at the time. Whatever the merits of such assertion may be, the issue is not relevant to our analysis of the current appeal dealing with the denial of his petition for resentencing under section 1172.6. In short, Welters has not identified any potentially meritorious issues with regard to the denial of this specific petition for resentencing.

Our independent review of the record on appeal has not identified any arguable issues for reversal on appeal. Competent counsel has represented Welters on this appeal.

DISPOSITION

The order denying appellant's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


BUCHANAN, J.


CASTILLO, J.